

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

January 22, 2025

**VIA ECF**
Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *Teva Branded Pharmaceutical Products R&D, Inc., et al. v. Cipla USA, Inc., et al.,* **Civil Action No: 2:24-909 (SRC)(MAH)**

            *Teva Branded Pharmaceutical Products R&D, Inc., et al. v. Cipla USA, Inc., et al.,* **Civil Action No: 2:24-9691 (SRC)(MAH)**

Dear Judge Hammer:

    This firm, together with Williams & Connolly LLP, represents Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Norton (Waterford) Ltd. (collectively, "Teva") in the above-captioned matters. In these matters, Teva has asserted patent-infringement claims against Defendants Cipla USA, Inc. and Cipla Ltd. (collectively, "Cipla") related to Cipla's Beclomethasone Dipropionate HFA Inhalation Aerosol, 40 and 80 mcg (Breath-Actuated) products.

    On February 16, 2024, Teva filed the first of three actions involving Cipla's 40 mcg product. The Court consolidated the 40 mcg actions into Civil Action No. 2:24-909 (SRC)(MAH).[1] On October 9, 2024, Teva filed Civil Action No. 2:24-9691 (SRC)(MAH) involving Cipla's 80 mcg product. On January 14, 2025, the Court set the initial scheduling conference in the 80 mcg action for February 13, 2025, and ordered the parties to file a proposed joint discovery plan by February 10, 2025.

    Given the nature of the actions, the parties respectfully submit that the most efficient use of Court and party resources would be for the Court to consolidate the 40 and 80 mcg cases with a modest, one-month extension of the existing, 40 mcg trial date to integrate the 80 mcg case into the existing 40 mcg case, which would enable the Court and parties to avoid the possibility of multiple trials. The parties have further proposed an abbreviated contention schedule to facilitate such integration.

    As noted during the teleconference before Your Honor on January 16, the proposed schedule for consolidation would result in an approximately one-month extension of the deadline for the pretrial order in the 40 mcg action, leaving approximately five months between the pretrial

---

[1] Specifically, Civil Action Nos. 2:24-909 (SRC)(MAH), 2:24-5856 (SRC)(MAH), 2:24-7162 (SRC)(MAH). *See* C.A. No. 2:24-909 (SRC)(MAH), D.I. 13.

Honorable Michael A. Hammer, U.S.M.J.
January 22, 2025
Page 2

order deadline and the 30-month stay in that action. While the parties understand that this timing is not ideal, the parties believe that consolidation would result in an overall savings of the Court's and parties' resources. Moreover, the parties respectfully submit that the extension will not prevent the matter from being tried and decided before expiration of the 30-month stay, because this case is scheduled for a bench trial in which summary-judgment motions and motions in limine are less likely to take the Court's time in between submission of the pretrial order and trial.

    Enclosed for the Court's consideration is a Stipulation and Proposed Order submitted on behalf of the Parties. If the Stipulation and Proposed Order meets with Your Honor's approval, we respectfully request that Your Honor execute and have it entered on the respective dockets.

    We thank the Court for its consideration of the attached and are available should Your Honor or your staff have any questions or need anything further.

> Respectfully submitted,
>
> *s/Liza M. Walsh*
>
> Liza M. Walsh

Encl.
cc: Counsel of Record (via ECF and Email)

508921266.1