IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., and NORTON (WATERFORD) LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CIPLA USA, INC. and CIPLA LTD., <br><br> Defendants. | Civ. No. 24-909 (SRC) (MAH) (consolidated) <br> Civ. No. 24-9691 (SRC) (MAH) <br><br> **AMENDED PRETRIAL SCHEDULING ORDER** |

This matter having come before the Court on the parties' January 22, 2025, and January 31, 2025, joint letters, D.E. 59 and 62, and the Court having considered the proposed deadlines, and for good cause shown:

IT IS on this 3rd day of February 2025, ORDERED as follows:

### I. CONSOLIDATION

1. Civil Action No. 24-9691 (SRC) (MAH) is hereby consolidated with Civil Action Nos. 24-909 (SRC) (MAH) (consolidated), for all purposes, including discovery, case management, and trial.

2. Civil Action No. 24-909 (SRC) (MAH) shall be the lead case, and all filings shall be made only in Civil Action No. 24-909 (SRC) (MAH).

### II. DISCLOSURES

3. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **[completed]**.

### III. DISCOVERY

4. Fact discovery is to remain open through **July 11, 2025**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

5. The parties may serve any interrogatories limited to **twenty-five (25)** single questions, requests for production of documents, and requests to admit on or before **April 18, 2025**, to be responded to **within thirty (30) days of receipt**.

    a. The parties shall meet and confer on an appropriate ESI protocol

     pursuant to Local Civil Rule 26.1(d), and enter into a mutually acceptable protocol by **[completed]**.

   b. The parties shall substantially complete document production by **April 11, 2025.**

6. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **July 11, 2025**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

   a. The parties shall adhere to the provisions of Federal Rule of Civil Procedure 30(a)(2) and (d)(1) concerning the number of depositions and time limits for depositions, absent agreement by the parties or further Order of the Court.

7. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the parties shall file a JOINT submission that addresses each dispute in its own section. The first part of the section will provide a short, non-argumentative statement of the item in dispute. Next, in part 2 of that section, the party seeking relief will set forth what it wants and the basis (limited to three double-spaced pages). In part 3, the party opposing the request shall set forth its position (limited to three double-spaced pages). The parties shall employ this structure for each item that remains in dispute following their meet and confer. Thereafter, no party shall file any submission on that dispute absent leave of the Court to do so. Further, the parties are advised that if the Court, upon its review of the joint submission, remains unpersuaded that the parties have adequately met and conferred, it may require counsel to conduct a meet-and-confer conference in the Courtroom of the Undersigned.

Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **May 30, 2025. The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date**. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. The parties must seek the intervention of Chambers before adjourning the deposition. Failure to do so will constitute waiver of the right to seek relief from the Court.

## IV.    DISCOVERY CONFIDENTIALITY ORDERS

8.    Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such application and form of order shall articulate (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

   a.    The parties shall submit a proposed Discovery Confidentiality Order on or before **[completed]**. See L. Pat. R. 2.2.

## V.    PATENT-RELATED TASKS

9.    The Defendant shall serve its list of additional documents from ANDA No. 219774 ("Cipla's 80 mcg ANDA") that it intends to rely upon to support its noninfringement contentions by **January 27, 2025**.

10.    The Plaintiff shall serve its list of additional documents from Cipla's 80 mcg ANDA that it intends to rely upon to support its infringement contentions by **February 3, 2025**.

11.    The Plaintiff shall serve its disclosure of asserted claims pursuant to L. Pat. R. 3.6(b) by **[completed]**.

12.    The Defendant shall serve any invalidity contentions and non-infringement contentions, and commence production of the underlying documents, pursuant to L. Pat. R. 3.4(b), (c) and 3.6(f) by **[completed]**.

13.    Plaintiff shall disclose its infringement contentions and responses to invalidity contentions, and commence production of the underlying documents, pursuant to Local Pat. R. 3.2 and 3.4A(e) by **[completed]**.

14.    The parties will exchange the proposed terms necessary for claims construction on or before **February 10, 2025**.

15.    The parties will exchange their preliminary claim constructions and identify any intrinsic and extrinsic evidence on or before **February 19, 2025**.

16.    The parties will meet and confer to narrow claim-construction issues and finalize the Joint Claim Construction and Prehearing Statement on or before **February 26, 2025**.

17.    The parties will file the Joint Claim Construction and Prehearing Statement on or before **March 4, 2025**.

18.    The parties will complete non-expert claim-construction discovery on or before

**March 5, 2025.**

  19. The parties shall file opening *Markman* briefs by **March 19, 2025.**

  20. All expert discovery regarding *Markman* issues shall be completed by **April 4, 2025.**

  21. The parties shall file responsive *Markman* briefs by **April 23, 2025.**

  22. The parties will meet and confer on a proposed schedule for a *Markman* hearing, and shall submit the proposed schedule to the Court no later than **April 25, 2025.**

  23. The claim construction hearing shall take place on **[To Be Determined].**

  24. The parties will exchange opening expert reports on issues for which the proponent bears the burden of proof by **August 22, 2025.**

  25. The parties will exchange responsive expert reports, including opening expert reports on objective indicia of non-obviousness, by **October 17, 2025.**

  26. The parties will exchange reply expert reports, including responsive expert reports on objective indicia of non-obviousness, by **November 14, 2025.**

  27. All expert reports must be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

  28. All expert discovery, including depositions of experts, shall be completed by **December 12, 2025.**

## VI. FUTURE CONFERENCES

  29. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

  30. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

  31. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

  32. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## VII.  MOTIONS

33. Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **May 23, 2025**.

34. <u>No motions are to be filed without prior written permission from this Court.</u> All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

   a. No motion for summary judgment or motion in limine may be filed more than **thirty days** after entry of the Final Pretrial Order.

## VIII.  FINAL PRETRIAL CONFERENCE

35.  A final pretrial conference shall be conducted in the Courtroom of the Undersigned pursuant to Federal Rule of Civil Procedure 16(d) on **February 2, 2026**. Trial counsel must appear in person for the final pretrial conference.

36.  All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

37.  The original of the Final Pretrial Order shall be delivered to Chambers by **January 16, 2026**. All counsel are responsible for the timely submission of the Final Pretrial Order.

38.  **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

**SO ORDERED**

*s/Michael A. Hammer*
**Michael A. Hammer, U.S.M.J.**

Date: 2/3/25